EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Fernando Moreno Orama y Jorge Farinacci Fernós<br><br>    Demandantes-Recurridos<br><br>v.<br><br>José R. De La Torre, Presidente de la Universidad de Puerto Rico; Universidad de Puerto Rico; José Figueroa Sancha, Superintendente de la Policía de Puerto Rico; Ana R. Guadalupe, Rectora Interina del Recinto de Río Piedras; Kenneth McClintock Hernández, Secretario de Estado<br><br>    Demandados-Peticionarios | Certificación<br><br>2010 TSPR 66<br><br>DPR 178 |

Número del Caso: CT-2010-3

Fecha: 30 de abril de 2010

Abogados de la Parte Peticionaria:

                Lcdo. Oresta R. Ramos
                Lcda. Maritere Colón Domínguez
                Lcdo. Anthony Guadalupe Baerga

Parte Recurrida:

                Sr.. Fernando Moreno Orama
                Sr. Jorge Farinacci Fernós

Materia: Certificación

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Fernando Moreno Orama y Jorge Farinacci Fernós<br><br>Demandantes – Recurridos<br><br>v.<br><br>José R. De La Torre, Presidente de la Universidad de Puerto Rico; Universidad de Puerto Rico; José Figueroa Sancha, Superintendente de la Policía de Puerto Rico; Policía de Puerto Rico; Ana R. Guadalupe, Rectora Interina del Recinto de Río Piedras; Kenneth McClintock Hernández, Secretario de Estado<br><br>Demandados – Peticionarios en Certificación | CT-2010-3 |

RESOLUCION

San Juan, Puerto Rico, a 30 de abril de 2010

Examinado detenidamente el recurso de certificación intrajurisdiccional presentado por los peticionarios y ante el alto interés público que presenta el recurso, se expide el auto, se paralizan los efectos de la orden de *injunction* preliminar y se concede hasta el lunes, 3 de mayo de 2010, a las 5:00 PM, para que la parte recurrida exprese su posición.

**Notifíquese vía facsímile y vía telefónica**.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez emite un Voto particular disidente al que se une la Jueza Asociada señora Fiol Matta. El Juez Presidente señor Hernández Denton está inhibido.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Fernando Moreno Orama y Jorge Farinacci Fernós<br><br>    Demandantes – Recurridos<br><br>              v.<br><br>José R. De La Torre, Presidente de la Universidad de Puerto Rico; Universidad de Puerto Rico; José Figueroa Sancha, Superintendente de la Policía de Puerto Rico; Policía de Puerto Rico; Ana R. Guadalupe, Rectora Interina del Recinto de Río Piedras; Kenneth McClintock Hernández, Secretario de Estado<br><br>    Demandados – Peticionarios<br>     en Certificación | CT-2010-3 |

Voto particular disidente emitido por la Juez Asociada señora Rodríguez Rodríguez al que se une la Jueza Asociada señora Fiol Matta

San Juan, Puerto Rico, a 30 de abril de 2010

Comparecen la Universidad de Puerto Rico, el Dr. José R. De la Torre, Presidente de la Universidad de Puerto Rico y la Dra. Ana Guadalupe Quiñones, Rectora Interina del Recinto de Río Piedras, mediante recurso de certificación intrajurisdiccional, en el cual solicitan la revocación de la Orden de *injunction* preliminar emitida el 28 de abril de 2010 por el Tribunal de Primera Instancia a través del Hon. José Negrón Fernández, Juez. Mediante el referido dictamen, el foro primario ordenó al Presidente de la Universidad y a la Rectora del recinto riopiedrense a "no poner en vigor el receso académico y administrativo

indefinido que la Rectora decretó el 21 de abril de 2010 [y] abrir el Recinto en o antes del 3 de mayo de 2010 a las 6:00 de la mañana".

Mediante el recurso presentado por los peticionarios, éstos alegan que la Orden recurrida "interviene indebidamente con la discreción de la U.P.R. para atajar conducta violenta, ilegal y violatoria de las normas disciplinarias del Recinto como la que comenzó el pasado 21 de abril de 2010 y mediante la cual se le ha privado a la Universidad del control sobre éste".[1] También se alega que "[p]rohibir que la Rectora decrete un receso de tipo académico y administrativo ante situaciones reales de violencia que afectan a funcionarios del Recinto y a sus estudiantes es una determinación injustificada y, más aún, contraria a la autonomía universitaria".[2] Por último, nos solicitan que declaremos que "en Puerto Rico la libertad de expresión no incluye el derecho de tomar el control de una institución pública ni el de llevar a cabo actos violentos en ese sentido".[3]

Al examinar objetiva y desapasionadamente la Orden de *injunction* preliminar emitida por la sala de instancia, no obstante, se puede colegir que ésta no tiene el nefasto alcance que los peticionarios alegan. En dicha Orden, el foro de instancia realizó una exposición adecuada de la doctrina de libertad de expresión y asociación en el contexto escolar y universitario, y además, aplicó las disposiciones pertinentes del Reglamento General de la

---

[1] Pág. 12 del recurso de Certificación.
[2] Pág. 14 del recurso de Certificación.
[3] Pág. 29 del recurso de Certificación.

Universidad. En específico, la sala de instancia indicó que la sección 32.4.10 del artículo 32 del Reglamento establece, en síntesis, que el Rector o Rectora de cada unidad del sistema podrá suspender las actividades extracurriculares en la Universidad, cuando exista peligro claro e inminente de que dichas actividades puedan resultar en la interrupción, obstaculización o perturbación sustancial y material de las tareas regulares del centro docente. La citada sección establece, igualmente, que dicha suspensión debe decretarse mediante una resolución escrita fundamentada emitida por el Rector o Rectora. Además, la suspensión decretada deberá ser temporal, y no extenderse por un período mayor a treinta (30) días, salvo que la Junta de Síndicos lo apruebe.

Al analizar los hechos que tenía ante su consideración, el foro de instancia determinó -correctamente- que el receso académico decretado es equiparable a una suspensión de los derechos de libertad de expresión y asociación y, que en este caso, la Rectora Dra. Ana Guadalupe no cumplió con las exigencias que establece el Reglamento General de la Universidad. El receso académico decretado por la Rectora se realizó a través de una sucinta Carta Circular, en la cual se describen unos incidentes de violencia acaecidos durante la mañana del 21 de abril de 2010, por los cuales entendió que no había otra alternativa que el cierre académico y administrativo. La Rectora no emitió ese día la resolución fundamentada requerida por el Reglamento, ni lo hizo en los tres (3) días siguientes al decreto del receso. Tampoco se

justificó ante el foro de instancia las razones para no cumplir con dicho requisito reglamentario.

A pesar de que los peticionarios alegan que la Carta Circular es el mecanismo que ordinariamente se utiliza para comunicar a la comunidad universitaria toda decisión administrativa de la Rectora, dicha carta dista mucho de las resoluciones que se han emitido en el pasado en situaciones similares. Las resoluciones anteriores incluyen –contrario a la Carta Circular de este caso– un resumen detallado de los actos que llevan al Rector a tomar tal decisión y la base reglamentaria que le permite realizar dicho decreto.[4]

Por otro lado, el receso decretado por la Rectora fue uno indefinido, en clara contravención con el carácter temporal que exige el Reglamento de la Universidad, el cual no ha de ser por un período mayor a treinta (30) días, salvo autorización de la Junta de Síndicos. Acoger la interpretación de los peticionarios de que "sin importar la manera en que se denomine el receso decretado, éste perderá su efectividad al transcurrir el período de treinta (30) días" sería darle carta blanca a la administración universitaria para cumplir con sus reglamentos cuando lo entiendan pertinente, dejando de lado la reglamentación adoptada por la propia Universidad.

---

[4] *Véase*, e.g., la Resolución emitida por el Rector Antonio Miró Montilla el 17 de septiembre de 1981 incluida como Apéndice en R. L. Martínez Torres, *La Primera Enmienda se va de la Universidad de Puerto Rico: Restricciones absolutas a los derechos de expresión*, 52 Rev. Jur. U.P.R. 665 (1983).

Por lo tanto, no tienen razón los peticionarios al exponer que la Orden del Tribunal de Primera Instancia le prohíbe a la administración universitaria atajar –mediante el mecanismo del receso académico– situaciones de violencia que se susciten en cada una de las unidades del sistema, en pos de preservar el orden y la paz institucional. Al contrario, la Orden emitida presume la validez de la facultad de cada uno de los Rectores de suspender las actividades extracurriculares –lo que tiene el efecto de restringir el derecho a libertad de expresión y asociación– en situaciones en las cuales exista un peligro claro e inminente de perturbar las tareas regulares del centro docente. No obstante, dicha restricción debe realizarse conforme al Reglamento que la propia Universidad adoptó para regular las mencionadas circunstancias excepcionales. Después de todo, la Universidad no está exenta de la norma de derecho administrativo que establece que toda instrumentalidad o agencia gubernamental está obligada a seguir fielmente sus propios reglamentos. *García Cabán v. U.P.R.*, 120 D.P.R. 167, 175 (1987).

Tampoco la Orden emitida por la sala de instancia valida –como corolario de su derecho a la libertad de expresión– las actuaciones de los estudiantes al apostarse en los portones del Recinto, como alegan los peticionarios en su recurso. Esa no fue la controversia presentada ante el foro de instancia ni resuelta por éste mediante la concesión del *injunction* impugnado. La única controversia que adjudicó el foro primario era la validez de la actuación de la Rectora del Recinto de Río Piedras al

decretar un receso académico indefinido en dicho centro docente y ordenar el cierre de éste. Como vimos, presumiendo que la Rectora cuenta con tal facultad, el foro de instancia determinó que dicha actuación fue inválida, por no cumplirse con la reglamentación aplicable.

Siendo así, considero que la decisión del tribunal de instancia realizó un balance adecuado de los intereses en juego y concedió correctamente el *injunction* preliminar, puesto que la Universidad no siguió el proceso debido al decretar el receso académico. Se nos dificulta entender por qué aún no se ha subsanado esa deficiencia procesal.

Ante tal escenario procedía expedir el recurso de *injunction*, pues los estudiantes sufren un daño irreparable al restringírsele ilegalmente su derecho a libertad de expresión y asociación y no existe otro remedio adecuado en ley para atender dicha violación. No podemos perder de vista que los derechos de libertad de expresión y asociación gozan de primacía en nuestro ordenamiento y no deben restringirse injustificadamente, sin cumplirse con las salvaguardas procesales que podrían validar dicha actuación. En ese tenor, vale la pena citar lo siguiente:

> Cuando el derecho de mayor preeminencia, el de expresión, se ve tan erosionado en pocos meses, en un solo término del Tribunal, la aprehensión turba el espíritu del creyente más firme en un gobierno de ley. Esperamos que el Tribunal Supremo de Puerto Rico no pierda de vista que la mejor manera de salvaguardar el orden en las universidades y en las escuelas públicas es sosteniendo el mandato constitucional: *libre* expresión para todos. *Libre*, sin prohibiciones absolutas. (Énfasis en original.)

> R. L. Martínez Torres, *La Primera Enmienda se va de la Universidad de Puerto Rico: Restricciones absolutas a los derechos de expresión*, 52 Rev. Jur. U.P.R. 665, 696 (1983).

Aun cuando soy del criterio que el presente recurso es de gran interés público, proveería no ha lugar por considerar fundamentalmente correcta la decisión del Tribunal de Primera Instancia. Por las razones antes expresadas, disiento respetuosamente de la determinación que hoy anuncia la mayoría.


                              Anabelle Rodríguez Rodríguez
                                    Juez Asociada